UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD A. WILLIAMS,

    Plaintiff,

v.                                                     Case No. 6:09-cv-943-Orl-28DAB

SHANNON WIGGINS, et al.,

    Defendants.

_____

## ORDER

This case is before the Court on Defendants Shannon Wiggins and James T. Meyers' Motions to Dismiss (Doc. Nos. 73 & 97) and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 102).[1] Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. No. 75-1), and Defendants filed a Response in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 106). Upon consideration of the motions and responses thereto, it is hereby ordered that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 102) is denied and this case is dismissed without prejudice.

*I.     Factual and Procedural Background*

Plaintiff, a prisoner in the State of Florida proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Shannon Wiggins, James T. Meyers, and Bryon

---

[1] Defendant Bryon Dickerson is not a party to the motions to dismiss. However, as discussed more fully *infra*, the Court's finds that the case is subject to dismissal without prejudice as to all Defendants.

Dickerson. (Doc. No. 1). The Court directed Plaintiff to file an amended complaint because he failed to set forth his claims adequately. (Doc. No. 4.) Thereafter, Plaintiff filed an amended complaint, which he subsequently amended after being granted leave to do so. (Doc. Nos. 5 & 18.)

Plaintiff alleges in his second amended complaint that Defendants have lied and committed fraud in violation of his right to due process by withholding surveillance tapes and writing a false disciplinary report. (Doc. No. 18 at 7-8.) Plaintiff also contends that on October 21, 2008, Defendants forced him to sleep without clothes, a mattress, or sheets. *Id.* at 9. The second amended complaint further alleges that Defendant Wiggins tossed Plaintiff into the shower and smashed his face into the shower wall after Defendant Meyers deliberately tripped him, while removing the shackles from Plaintiff's legs, which caused Plaintiff to hit his face on the ground.[2] *Id.* at 10. Plaintiff states that Defendant Meyers grabbed Plaintiff around his neck and pounded his face into the ground and Defendant Dickerson kneed Plaintiff in the ribs. *Id.* Plaintiff asserts that Defendants failed to provide him with adequate medical care. *Id.* at 10.

## II. *Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction*

Plaintiff requests an injunction preventing Defendants from destroying any videotape or surveillance tape of the alleged October 21, 2008, incident involving the use of excessive force against Plaintiff by Defendants Wiggins, Myers, and Dickerson. Defendants assert that the motion should be denied as Plaintiff failed to serve counsel for

---

[2] It is not clear from the allegations when the incident occurred.

Defendants with a copy of the motion as required by Federal Rule of Civil Procedure 5(b)(1). Defendants further assert, "To alleviate any concerns, as to the materials which the individual Defendants to this cause of action have assembled for their defense of this action through counsel, part of which includes videotape, the Defendants are preserving such material." (Doc. No. 106 at 2.)

Rule 5(b)(1) of the Federal Rules of Civil Procedure provides, "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). Furthermore, this Court previously instructed Plaintiff as follows:

> After counsel has appeared for Defendants, the copy shall be sent directly to counsel for Defendants, rather than to Defendants personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendants or counsel for Defendants.

(Doc. No. 24 at 2.) Courts have held that a party's failure to properly serve a motion or other paper on counsel for another party serves as a basis to deny the motion. *See, e.g.*, *Pimentel v. Deboo*, 411 F. Supp. 2d 118, 124 (D. Conn. 2006).

Review of Plaintiff's Motion indicates that Plaintiff did not attempt to serve the motion on counsel for Defendants. Thus, Plaintiff failed to comply with Rule 5 and with this Court's Order. Accordingly, the motion is denied on this basis.[3]

---

[3] The Court's denial of the motion is further premised on Defendants' representation that Defendants are preserving the videotape of the purported incident.

3

### III. *Motions to Dismiss*

Defendants Wiggins and Meyers assert *inter alia* that the instant case should be dismissed because Plaintiff failed to properly list his prior lawsuits on the second amended complaint and because the second amended complaint does not comply with the pleading requirements of Rule 8(a) and 10(b) of the Federal Rules of Civil Procedure. The Court will consider each argument in turn.

Question C of Section IV on the second amended complaint asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration *(including habeas corpus petitions)* or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. No. 18 at 6) (emphasis added). In the space to mark either "yes" or "no" in response to this question, Plaintiff marked "no". *Id.* Furthermore, on the last page of the second amended complaint, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." *Id.* at 12 (emphasis in original).

As recognized by other courts:

> The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). *The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the*

> *current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.*

*Johnson v. Crawson*, 2010 WL 1380247, * 2 (N.D. Fla. 2010) (emphasis added). "A district court may impose sanctions if a party knowingly files a pleading contained [sic] false contentions." *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (citing Fed. R. Civ. P. 11(c)).

Defendants Wiggins and Meyers assert in their motions to dismiss that Plaintiff failed to disclose at least three cases on his second amended complaint, which qualify as other actions in either state or federal court that relate to the fact or manner of Plaintiff's incarceration or the conditions of his confinement as contemplated by Question C of Section IV. Specifically, Defendants note the following cases, (1) *Williams v. McNeal*, Case No. 1:08-cv-20664-ASG (S.D. Fl. 2008); (2) *Williams v. McNeil*, Case No. 37-2008-CA-4214 (2nd Jud. Cir., Leon County, Fla. 2008); and (3) *Williams v. McNeil*, Case No. 37-2009-CA-1222 (2nd Jud. Cir., Leon County, Fla. 2009). Case number 1:08-cv-20664 was a federal habeas action concerning Plaintiff's conviction for which he is incarcerated. Cases numbers 37-2008-CA-4214 and 37-2009-CA-1222 were state petitions for writ of mandamus.[4]

Plaintiff does not dispute that he filed these cases prior to the instant litigation. *See*

---

[4] Plaintiff states in his brief in support of a motion to compel that case number 2008-CA-4214 was a petition for writ of mandamus filed in the state court, wherein Plaintiff "challenged his DR for assault or attempted assault on staff" and to which he attached as "an exhibit an inmate request to security that informed Plaintiff the videotape of the use of force incident was forwarded to Tallahassee for review due to the force used." (Doc. No. 100 at 3-4. Therefore, it appears that this petition for writ of mandamus directly relates to the claims raised in the instant action.

Doc. No. 75-1 at 9-10. Instead, he asserts that (1) the petitions for writ of mandamus and petition for writ of habeas corpus are not lawsuits as contemplated by Question C of Section IV, and (2) the three cases were dismissed and not ruled upon by the courts. *Id.* Plaintiff argues that the civil rights complaint form does not inquire about petitions for writ of habeas corpus or for writ of mandamus. *Id.*

As an initial matter, the Court notes that even assuming that Plaintiff honestly believed that his state petitions for writ of mandamus did not qualify as lawsuits as contemplated by Question C of Section IV of the civil rights form, he cannot convincingly argue that he was not aware that his petition for writ of habeas corpus qualified as an action in a federal court that related to the fact or manner of his incarceration. Question C specifically indicates that habeas corpus actions are included as actions that relate to the fact or manner of a prisoner's incarceration.

Furthermore, the fact that Plaintiff's prior cases were voluntarily dismissed does not exempt him from disclosure of the actions given that Question C does not state that only pending actions or actions that have been fully litigated should be listed. In fact, the following statement immediately precedes Section IV on the second amended complaint, "NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. No. 18 at 5) (emphasis in original). Despite this warning and the explicit indication in Question C that habeas petitions qualify as prior actions, Plaintiff failed to include his prior habeas petition or his

petitions for writ of mandamus on the second amended complaint. Therefore, the Court concludes that Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the instant case could result from his untruthful answers.

In similar cases, courts have held:

> If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.

*Johnson*, 2010 WL 1380247 at *2; *see also Hood*, 197 F. App'x at 819 (affirming district court's dismissal without prejudice of civil rights case based on the plaintiff's failure to list prior lawsuits because the question on the complaint form asking about prior lawsuits in federal court was not ambiguous); *Thomas v. Ammons*, 2009 WL 5174109, at *2 (S.D. Ga. 2009) (dismissing case without prejudice based on the plaintiff's failure to disclose prior cases that had been voluntarily dismissed or dismissed without prejudice despite the plaintiff's contention that he did not intend to deceive the court); *Brown v. Overstreet*, 2008 WL 282689, at *1 (S.D. Ga. 2008) (dismissing case without prejudice and holding "although Plaintiff may not have intended to deceive the Court, the fact remains that he did provide dishonest information concerning his filing history. . . . [T]he Court cannot tolerate any false response or statements in pleadings because, if the Court cannot rely on the statements or responses submitted, the quality of justice is threatened."); *Rolle v. Crosby*, 2005 WL 3087863, *2 (M.D. Fla. 2005) (dismissing case without prejudice based on the plaintiff's

failure to list prior cases on complaint). Accordingly, the Court concludes that this case should be dismissed without prejudice.[5]

Alternatively, the Court finds that the case should be dismissed without prejudice as the second amended complaint does not comply with Rule 10(b) or 8(a) of the Federal Rules of Civil Procedure. Rule 10 (b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 8(a)(2) also requires a pleading to provide "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The second amended complaint does not contain a short and plain statement regarding each claim asserted by Plaintiff, and the claims are not separated into individual paragraphs. It is not clear from the second amended complaint if Plaintiff is alleging a violation of his constitutional rights by all Defendants based on their failure to provide him with the videotape of an incident, and if so, whether the "videotape claim" is related to Plaintiff's claim of excessive force, is related to another claim, or is a separate claim.

This Court previously directed Plaintiff to amend his complaint by *inter alia* setting

---

[5]To the extent Plaintiff may be attempting to argue that he should be allowed to amend his complaint, the Court notes that "allowing Plaintiff to amend his complaint to include [his prior] cases. . . at this time would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." *Brown v. Strength*, 2008 WL 319440, *2 (S.D. Ga. 2008) (citing *Hood v. Tompkins*, CV605-094 (S.D. Ga. Oct. 31, 2005) *aff'd*, 197 F. App'x 818 (11th Cir. Aug. 7, 2006) (*per curiam*)).

forth each claim in a separate paragraph in the complaint. (Doc. No. 4 at 3.) Instead, Plaintiff's second amended complaint consists of one lengthy paragraph that does not clearly or simply state his claims, but instead contains a myriad of potential claims. The Eleventh Circuit has classified such a complaint as "a classic 'shot gun' pleading in that it is not possible to know which factual allegations support which claims for relief." *Giles v. Wal-Mart Distribution Center*, 359 F. App'x 91, 93 (11th Cir. 2009). In such circumstances, a district court may dismiss the action for failure to cure the deficiencies in the complaint after being instructed how to do so. Thus, the instant case is subject to dismissal without prejudice on this basis as well.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Wiggins' Motion to Dismiss (Doc. No. 73) and Defendant Myers' Motion to Dismiss (Doc. No. 97) are **GRANTED**. This case is **DISMISSED** without prejudice.

2. Plaintiff's Motions for Summary Judgment (Doc. Nos. 76 & 91) are **DENIED** as moot.

3. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 102) is **DENIED**.

4. The **Clerk of the Court** shall send Plaintiff, along with a copy of this Order, a Civil Rights Complaint Form. If Plaintiff so chooses, he may refile his claims in a new action by completing the form and filing it in the appropriate court.

5. The Clerk of the Court shall terminate all pending motions and close this

case.

DONE AND ORDERED at Orlando, Florida, this 2 day of December, 2010.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sc 12/2
Donald A. Williams
Counsel of Record